UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JERMEAL WHITE,<br>    Plaintiff, | Case No. 1:19-cv-33 |
| vs | Black, J.<br>Bowman, M.J. |
| MICHAEL DILLOW, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, incarcerated at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint against the Director of the Ohio Department of Rehabilitation and Correction (ODRC), Gary Mohr (ODRC Director)[1]; Michael Dillow; and unnamed SOCF corrections officers. (Doc. 1). Plaintiff alleges that defendants violated his constitutional rights. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis.*

This matter is before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see*

---

[1]Although plaintiff names Director Gary Mohr as a defendant, the current ODRC Director is Annette Chambers-Smith. For the reasons below, plaintiff's claims against the ODRC Director are subject to dismissal.

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff alleges that on May 18, 2018, defendant Dillow and two unnamed defendant corrections officers used excessive force against plaintiff in violation of the Eighth Amendment prohibition against cruel and unusual punishment while he was in Dillow's office. (Doc. 1, at PageID 2-4). Plaintiff also alleges that his request for a "full grievance package" was denied. (*Id*. at PageID 4). For relief, plaintiff seeks monetary and declaratory relief. (*Id*. at PageID 6).

At this juncture, without the benefit of briefing by the parties, the undersigned concludes that plaintiff may proceed with his Eighth Amendment claim against defendant Dillow and the unnamed defendant corrections officers. However, plaintiff's complaint against the ODRC Director should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's claim against the ODRC Director is subject to dismissal for failure to allege personal involvement in the activities which form the basis of the alleged unconstitutional behavior. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body

3

of the complaint is not enough to sustain recovery under § 1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights"). Further, supervisory officials and employees cannot be held liable under § 1983 solely on the basis of *respondeat superior* or on the basis that they failed to remedy a subordinate's unconstitutional conduct. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Plaintiff also cannot state a claim based on allegations that he was denied grievance forms. Plaintiff has no constitutional right to an effective grievance procedure. *See Walker v. Mich. Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003). Thus, any claim regarding defendants' alleged failure to provide grievance forms should be dismissed.

Finally, to the extent plaintiff is challenging the validity of his underlying conviction in the instant case (*see* Doc. 1, at PageID 5), such a claim is subject to dismissal because plaintiff has failed to state a viable claim under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

Accordingly, in sum, the undersigned concludes that plaintiff may proceed at this juncture with his Eighth Amendment claim against defendant Dillow and the unnamed defendant corrections officers. Plaintiff's complaint against the ODRC Director should be dismissed for failure to state a claim upon which relief may be granted.

However, plaintiff has not submitted a service copy of the complaint or the necessary service of process forms for defendant Dillow. Therefore, **within thirty (30) days** of receipt of this Order and Report and Recommendation, plaintiff is **ORDERED** to submit a service copy of

the complaint, summons, and United States Marshal Form for defendant Dillow so that service of process may be made in this case.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's complaint (Doc. 1) be **DISMISSED** with **prejudice**, with the **exception of** plaintiff's Eighth Amendment claim against defendant Dillow and the unnamed defendant corrections officers. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. **WITHIN thirty (30) days** of receipt of this Order and Report and Recommendation, plaintiff shall submit a service copy of the complaint (Doc. 1), a completed summons, and a completed United States Marshal Form for defendant Dillow so that defendant Dillow may be served with process in this case.

2. The Clerk of Court is **DIRECTED** to provide the plaintiff with a summons and United States Marshal Form for this purpose, as well as a copy of plaintiff's complaint (Doc. 1) so that he can make a service copy. Upon receipt of the service copy, completed summons, and United States Marshal Form, the Court shall order service of process by the United States Marshal in this case.

3. Plaintiff file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed defendants through discovery. Plaintiff is advised that no service will be issued on the unnamed defendants unless plaintiff complies with this Order.

4. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the

5

Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

     5.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit

                                                           *s/Stephanie K. Bowman*
                                                           Stephanie K. Bowman
                                                           United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JERMEAL WHITE,
    Plaintiff,

vs

MICHAEL DILLOW, et al.,
    Defendants.

Case No. 1:19-cv-33

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).