# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JERMEAL WHITE, | Case No. 1:19-cv-33 |
| Plaintiff, | |
| vs. | Black, J.<br>Bowman, M.J. |
| MICHAEL DILLOW, *et al.*, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

This civil action is now before the Court on a motion to dismiss by Interested Party the State of Ohio (Doc. 15). Also before the Court is Defendant Dillow's motion for judgment on the pleadings. (Doc. 18). The motions will be addressed in turn.

### I.  Background and Facts

Plaintiff Jermeal White ("Plaintiff") is an inmate currently at Southern Ohio Correctional Facility ("SOCF") (#654-040) in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"). On January 14, 2019, Plaintiff filed a Complaint against Defendants Mohr, Dillow, and seemingly against "Correctional Officers". (Doc. 1, PageID#1-7). Plaintiff alleges that on May 18, 2018, Defendant Dillow and two unnamed defendant corrections officers used excessive force against plaintiff in violation of the Eighth Amendment prohibition against cruel and unusual punishment while he was in Dillow's office. (Doc. 1, at PageID 2-4). Plaintiff also alleges that his request for a "full grievance package" was denied. (Id. at PageID 4).  For relief, plaintiff seeks monetary and declaratory relief. (Id. at PageID 6).

1

More specifically, according to the complaint, on May 18, 2018, Plaintiff alleges that he was brought to Defendant Dillow's office to attend a conduct report hearing. (Doc. 1, PageID#2-3). Plaintiff claims he pleaded guilty but "did not say what the conduct report said." (Doc. 1, PageID#3). Plaintiff claims that he was sitting down in the office with handcuffs and shackles the whole time with Defendant Dillow, a correction officer and a case manager in the office. Id. Plaintiff then alleges that the Defendant "smacked all his papers off his desk" and "came around [to] pull me out the chair" which "thr[e]w [him] on the floor." Id. Plaintiff further alleges that Defendants were "beating [him], kicking [him], stumping [him]. (Doc. 1, PageID#4). Plaintiff indicates that this "buss [sic] [his] eye open." Id.

Plaintiff's attached exhibit indicates that he was found guilty of rule violations 4 and 21 while assaulting a staff member during the incident. (Doc. #1-1, PageID#15]. He alleges that the serious misconduct panel refused to hear the conduct report. Id. Plaintiff further alleges that he is "going threw [sic] emotional distress" and repeatedly states that he suffers for fear of his life from the incident. (Doc. 1, PageID#5). Plaintiff seeks declaratory relief indicating that his rights were violated. Plaintiff is also seeking compensatory and punitive damages totaling two million dollars. (Doc. 1, PageID#6). Plaintiff does not indicate what capacity he is suing Defendant Dillow. (See Doc. 1, PageID#1-7).

Upon initial screening of the complaint, the Court sua sponte dismissed Plaintiff's Complaint in regards to Defendant Mohr and the grievance documents. (Doc. 6, PageID#41-47).

**II. Analysis**

*A. Interested Party State of Ohio's motion to Dismiss[1]*

Here, Plaintiff has not identified the "Correction Officers" as unknown or John Doe defendants and therefore has not serve them in the mandated time under Fed.R.Civ.P. 4(m). As such, the State of Ohio argues that the "Correction Officers" should be dismissed from this suit.

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929

---

[1] Under O.R.C. § 109.361, the Ohio Attorney General may appear in any civil action in order to protect the interest of the State even though no request for appearance has been made by the officer or employee. Such appearance does not waive personal service and any defenses available at law. Here, Plaintiff seems to have indicated he is suing "Correction Officers", which would likely be current or former employees of ODRC. A review of the Court's docket shows that none of these individuals have been named or served with a summons or complaint.

(2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations omitted

"Where a plaintiff is temporarily unable to ascertain a defendant's actual name, the plaintiff may initially file a complaint that names an unknown defendant by using a 'John Doe' appellation or similar pseudonym." Thomas v. Bivens, No. 3:09-cv-62, 2011 U.S. Dist. LEXIS 1005, *21 (E.D. Tenn. Jan. 5, 2011). "Although designation of a 'John Doe' or 'unknown' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery." *Robinson v. Doe*, 2008 U.S. Dist. LEXIS 95420, *4 (S.D. Ohio 2008).

Here, Plaintiff put "Correction Officers" under his listed Defendants in the Complaint. (Doc. 1, PageID#2). In addition to this, no placeholder or temporary labeling effort was made for these "Defendants" by Plaintiff in the form of "John Doe" which would indicate that Plaintiff did not know their names. Id. Crucially, due to this, the required identification of the party was not present to initiate the claim against such "defendants." Thus, Plaintiff has failed to conform to the requirements of initiating a suit against "Correction Officers" and his claims against them should be dismissed.

Even assuming arguendo that Plaintiff did list the "Correction Officers" as John Doe or unknown defendants, Plaintiff failed to identify them by their real names and timely serve them as required by Fed.R.Civ.P 4(m). Under Fed.R.Civ.P. 4(m): If a defendant is

not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Other district courts in the Sixth Circuit have held that a failure to perfect service within the Fed.R.Civ.P. 4(m) time period for John Doe or unknown defendants can result in dismissal. *See Dubose v. City of Morristown*, No. 2:07-cv-115, 2009 U.S. Dist. LEXIS 53477, *18 (E.D. Tenn. June 22, 2019) ("Failure to effect service of process on John Doe defendants within the 120 days as required by Rule 4(m) is grounds for dismissing such defendants"); *Doughty v. City of Vermillion*, 118 F. Supp. 2d 819, 821 n.1 (N.D. Ohio 1999) (failure to complete service of process on John Doe defendants within the required time under Fed.R.Civ.P. 4(m) was an additional reason for dismissing those defendants);

  B. *Defendant Dillow's motion for judgment on the pleadings (Doc. 18).*

Defendant Dillow asserts that he is entitled to judgment of matter as a matter of law because Plaintiff has failed to state a valid claim under § 1983. Defendant Dillow further argues that Plaintiff's claims against him in his official capacity are barred by the Eleventh Amendment and Plaintiff does not allege a physical injury contrary to the PLRA requirements. Defendant Dillow's motions is well-taken, in part.

The Sixth Circuit applies the same standard to Rule 12(c) motions for judgment on the pleadings as to motions to dismiss under Rule 12(b)(6). *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012). A complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c) if there is no law to support the claims made, if the facts alleged are insufficient

to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)

To the extent, that Plaintiff seeks to asserts claims against Defendant Dillow in his official capacity, the undersigned agrees that such claims fail as a matter of law. Here, as noted by Defendant Dillow, Plaintiff's complaint fails to identify which capacity he is suing the Defendant. "Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities." *Soper by Soper v. Hoben*, 195 F.3d 845, 853, 1999 U.S. App. LEXIS 28396, *19 (6th Cir.) (citing *Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992) and *Wells v. Brown,* 891 F.2d 591, 592-94 (6th Cir. 1989)). As such, Defendant Dillow contends that any claims against him in official capacity against the State of Ohio are barred by the Eleventh Amendment.

Notably, absent an expressed waiver, the Eleventh Amendment bars suit against a state or one of its agencies or departments in federal court *regardless of the nature of the relief sought. Pennhurst State Sch. v. Halderman,* 465 U.S. 89, 100 (1984) (emphasis added); see also *Alabama v. Pugh,* 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). This immunity is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01 (1984), by citizens of another state, foreigners or its own citizens. *Hans v. Louisiana,* 134 U.S. 1 (1890). Thus, the State of Ohio is immune from suit unless it waives its sovereign immunity. *Mixon v. Ohio,* 193 F.3d 389, 396-97 (6th Cir. 1999).

Here, the State of Ohio has not waived immunity in the federal courts. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992); *Lutz v. Ohio Dep't of Rehab. & Corr.*, No. 2:10-cv877, 2010 U.S. Dist. LEXIS 125374, *8 (S.D. Ohio Nov. 29, 2010). Accordinlgy, Plaintiff's claims against Defendant in his official capacity should be dismissed because he is immune from suit under the Eleventh Amendment.

Defendants also argue that plaintiff has not alleged a physical injury as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). That section states:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

Defendant recognizes that Plaintiff alleges that his eye "was buss [sic] open" during the incident. However, Defendant argues that Plaintiff does not indicate that such is the reason for the seeking of damages; rather, only indicating repeatedly his "emotional distress" from the incident. (Doc. 1, PageID#4-6). Defendant's argument lack merit. At this stage of the litigation, the undersigned finds that Plaintiff's complaint sufficiently alleges a physical injury which satisfies the PLRA. As noted above, Plaintiff alleges that on May 18, 2018, he was taken to Defendant Dillow's office for a conduct report. Plaintiff was sitting in a chair in handcuffs and shackles. Plaintiff contends that Officer Dillow threw him to the floor and starting "beating me, kicking me, stumping me, buss my eye open, blood all over me." (Doc. 1 at 3-4). Such allegations clearly allege a physical injury to satisfy the PLRA.

Defendant further contends that Plaintiff fails to state an adequate claim under 42 U.S.C. § 1983, presumably for claims asserted against him in his individual capacity,

7

because he has failed to alleged any violation of his constitutional rights.[2] Notably, to state a § 1983 claim, a plaintiff must allege that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-157, 56 L. Ed. 2d 185 (1978). § 1983 is not itself a source of substantive rights, but instead provides a method for vindicating federal rights elsewhere conferred. *Albright v. Oliver*, 510 U.S. 266, 271 (1984) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

As noted above, Plaintiff alleges that on May 18, 2018, he was taken to Defendant Dillow's office for a conduct report. Plaintiff was sitting in a chair in handcuffs and shackles. Plaintiff contends that Officer Dillow threw him to the floor and starting "beating me, kicking me, stumping me, buss my eye open, blood all over me." (Doc. 1 at 3-4). Despite such allegations, Defendant Dillow contends that the allegations contained in Plaintiff's complaint do not state a claim for relief for excessive force in violation of the Eighth amendment. More specifically, Defendant argues that Plaintiff's allegation that he pulled out his chair, causing him to fall on the ground, fails to state a valid claim of an Eighth Amendment violation. The Sixth Circuit has indicated that a prison guard pulling out the chair from an inmate has been held to "not [be] serious enough to rise to an eighth

---

[2] As noted above, Plaintiff does not indicate which capacity Defendant is being sued. However, even if there is no indication in the complaint that defendants are being sued in their individual capacities, courts in this circuit "have applied a 'course of proceedings' test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable, albeit without clearly labeling the test as such." *Moore*, 272 F.3d at 772 (noting that courts have looked to filings such as a response to a motion for summary judgment to determine whether proper notice had been given) (citations omitted). Accordingly, failure to state explicitly that a defendant is being sued in his or her individual capacity is not fatal to individual-capacity claims "if the course of proceedings otherwise indicates that the defendant received sufficient notice." Id., at 772 (citations omitted). Here, the course of the proceedings in this case indicates that defendants received sufficient notice that plaintiff intended to pursue individual capacity claims against him because plaintiff sought compensatory and punitive damages, and because Defendant Dillow asserted a qualified immunity defense in their answer. *See Rose v. Reed,* No. 2:12-CV-977, 2014 WL 3547375, at *4 (S.D. Ohio July 17, 2014)

amendment violation" as it does not "shock[] the conscious." See *Dillon v. Wilson*, 1991 U.S. App. LEXIS 12673, *4 (6th Cir. 1991). *See also Barber v. Grow*, 929 F. Supp. 820 (E.D. Pa. 1996) (holding that pulling chair out from under inmate, causing him to fall and suffer loose teeth, was not an Eight Amendment violation). Defendant further argues that Plaintiff's allegations regarding the "beating" and "kicking" of Plaintiff fails to state a valid constitutional violation. Good faith use of force by prison guards to promote safety and penological goals is not in violation of the Eighth Amendment. *See Parrish v. Johnson*, 800 F.2d 600, 604, 1986 U.S. App. LEXIS 29455, *10 (6th Cir.) ("But, the good faith use of physical force in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment."); *Brown v. Mohr*, No. 1:12-cv-583, 2018 U.S. Dist. LEXIS 189407, *22 (S.D. Ohio Nov. 6, 2018) (citing Parrish).

Defendant's contentions are not well-taken. While Defendant's arguments may ultimately be persuasive; at this time, they are premature at best. No discovery has been conducted and Defendants arguments assume facts that are not in evidence. As noted above, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c) if there is no law to support the claims made, if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Here, Plaintiff alleges that, while handcuffed and sitting in a chair, Defendant Dillow threw him to the floor and starting "beating me, kicking me, stumping me, buss [sic] my eye open, blood all over me." (Doc. 1). Such allegations are sufficient to state a claim for excessive force in violation of Plaintiff's Eighth Amendment rights. Accordingly, the undersigned concludes that plaintiff may proceed with his Eighth Amendment claim against defendant Dillow.

9

### III. Conclusion

It is therefore **RECOMMENDED** that Interested party State of Ohio's motion to dismiss (Doc. 15) be **GRANTED** and claims against unnamed "Correction Officers" be **DISMISSED.** It is further recommended that Defendant Dillow's motion for judgment on the pleadings (Doc. 18) be **GRANTED**, in part, as to Plaintiff's claims against Defendant Dillow in his official capacity and **DENIED, in part**. Plaintiff's claim for excessive force in violation of the Eighth Amendment against Defendant Dillow may proceed at this time.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

10

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JERMEAL WHITE,

    Plaintiff,

vs.

MICHAEL DILLOW, *et al.,*

    Defendants.

Case No. 1:19-cv-33

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).