UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMEAL WHITE,

    Plaintiff,

        v.

MICHAEL DILLOW, et al.,

    Defendants.

Case No. 1:19-cv-00033

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Jermeal White, proceeding *pro se* and *in forma pauperis*, is a prisoner at Southern Ohio Correctional Facility ("SOCF") in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"). (Doc. 1, Complaint, at 2). On January 14, 2019, Plaintiff filed a Complaint against Defendants Mohr, Dillow, and unnamed "Corrections Officers." (*Id.* at 2). Plaintiff alleges that Defendants used excessive force in violation of the Eighth Amendment. (*Id.* at 3-4). Plaintiff's claims against Defendant Mohr (former Director Commissioner of the State of Ohio Department of Correction), unnamed Corrections Officers, and official capacity claims against Defendant Dillow (a SOCF employee) were dismissed. (*See* Doc. 12, Decision and Entry; Doc. 30, Decision and Entry, at 1-2). Plaintiff now proceeds against Defendant Dillow, in his individual capacity, for excessive use of force in violation of the Eighth Amendment.

Pursuant to local practice, Defendant Dillow's Motion for Summary Judgment (Doc. 39) and Plaintiff's opposition thereto (Doc. 42) have been referred to the undersigned magistrate judge for initial consideration and a report and recommendation. 28 U.S.C. § 636(b).

1

I. **Factual Background**

Plaintiff alleges that on May 18, 2018, he was brought to Defendant Dillow's office to attend a conduct report hearing. (Doc. 1 at 2). While in the office, Defendant allegedly "smacked all his papers off his desk," pulled Plaintiff out of his chair, threw him on the floor, and began beating, kicking, "stumping" [sic] him, and "buss" [sic] his eye open. (*Id.* at 3-4). During this alleged incident, Plaintiff was handcuffed and shackled with his hands behind his back. (*Id.* at 4). Plaintiff claims he is "going threw [sic] emotional distress" and fears for his life. (*Id.* at 5-6).

Inmate grievances at SOCF are handled pursuant to Ohio Adm. Code 5120-9-31. (*See* Doc. 39-4, Mahlman Affidavit). The avenues available to an inmate to acquire and complete an informal complaint resolution ("ICR") in May, 2018, were as follows: (a) request an informal complaint form from officers; (b) pick up an informal complaint form from their block; (c) kite the institutional inspector to request an informal complaint form; (d) request an inmate porter to retrieve an informal complaint form; and (e) request an informal complaint form from the block Sergeant. (*Id.* at 2-3).

However, the deadline to file an ICR for the alleged May, 18, 2018, incident would have been June 1, 2018. (*Id.* at 3). Plaintiff timely submitted an ICR, SOCF-05-18-000313, regarding the incident; it was received by the inspector of institutional services on May 23, 2018. (*Id.*). Plaintiff received a response to that ICR on May 29, 2018. (Doc. 39-2, SOCF-05-18-000313, at 1). After receiving a response, he did not file a notification of grievance ("NOG"). (Doc. 39-4 at 3). Plaintiff subsequently submitted three more ICRs regarding the same incident; however, the ICRs were all untimely submitted after the June 1, 2018, deadline expired. (*Id.*). Further, he did not file any NOGs for these untimely ICRs.

2

(*Id.*). Moreover, Plaintiff did not allege that any correctional officer or other institutional staff affected his ability to begin the institutional grievance procedure. (*Id.* at 4).

## II.  Analysis

### A. Summary Judgment Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party has the burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the nonmoving party has met its burden of production, the nonmoving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a scintilla of evidence to support the nonmoving party's position will be insufficient; the evidence must be sufficient for a jury to reasonable find in favor of the nonmoving party. *Id.* at 252.

In ruling on a motion for summary judgment, "[a] district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989) *cert. denied*, 494 U.S. 1091 (1990); *see also L.S. Heath & Son, Inc. v. AT&T*

*Information Sys., Inc.*, 9 F.3d 561 (7th Cir. 1993). Thus, a court is entitled to rely—in determining whether a genuine issue of material fact exists on a particular issue—only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties. *Beatty v. UPS*, 267 F.Supp.2d 823, 829 (S.D. Ohio 2003), *aff'd*, 2004 U.S.App. LEXIS 13864 (6th Cir. 2004).

Under the foregoing standard, Defendant is entitled to judgment as a matter of law.

### B. Exhaustion of Administrative Remedies

Defendant argues summary judgment is proper because Plaintiff failed to exhaust his administrative remedies before filing this claim in compliance with the Prison Litigation Reform Act of 1995.

The Prison Litigation Reform Act of 1995 ("PLRA") mandates early judicial screening of prisoner complaints filed in federal court and requires prisoners to exhaust prison grievance procedures before filing suit. *Jones v. Bock*, 549 U.S. 199, 202 (2007). The exhaustion provision of the PLRA states "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner's failure to exhaust administrative remedies is an affirmative defense. *Jones*, 549 U.S. at 216. Further, "exhaustion is mandatory under the PLRA and [] unexhausted claims cannot be brought in court." *Id.* at 211. Moreover, the PLRA demands "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper exhaustion requires compliance with "an agency's

4

deadlines and other critical procedural rules" so the adjudicative system can function effectively. *Id.* at 90-91.

However, an inmate's obligation to exhaust hinges on the availability of administrative remedies. *Ross v. Blake*, 136 S.Ct. 1850, 1853 (2016). There are three circumstances in which an administrative remedy, although officially available, is not capable of use to obtain relief: (1) an administrative procedure is unavailable when it operates as a "simple dead end," with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) an administrative scheme might be so opaque it becomes practically incapable of use to the ordinary prisoner; and (3) a grievance process is rendered unavailable when prison administrators thwart inmates from taking advantage of it through "machination, misrepresentation, or intimidation." *Id.* at 1853-54.

Pursuant to Ohio Adm. Code 5120-9-31(J), there is a three-step process for resolving inmate complaints in Ohio. First, within fourteen days of the event giving rise to the complaint, the inmate shall file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint. Ohio Adm. Code 5120-9-31(J)(1). Second, if the inmate is dissatisfied with the ICR response, the inmate may file a NOG with the inspector of institutional services. Ohio Adm. Code 5120-9-31(J)(2). The inmate must file all grievances no later than fourteen days from the date of the informal complaint response. *Id.* Finally, if the inmate is dissatisfied with the disposition of grievance, the inmate may file an appeal with the office of the chief inspector within fourteen days of the date of the disposition of grievance. Ohio Adm. Code 5120-9-31(J)(3).

Despite submitting a timely ICR within fourteen days of the May 18, 2018, incident, Plaintiff failed to properly exhaust administrative remedies in compliance with the PLRA. If Plaintiff was dissatisfied with the ICR response he received, the second and third steps of the inmate complaint process remained available to him. However, after receiving a response on May 29, 2018, instead of filing a NOG as the second step requires, Plaintiff filed three additional untimely ICRs regarding the incident. Therefore, Plaintiff failed to adhere to the mandatory institutional grievance procedure. *See Jones*, 549 U.S. at 200 (finding that the applicable procedural rules a prisoner must properly exhaust are defined by the prison grievance process itself) (citing *Woodford*, 548 U.S. at 88)).

Moreover, Plaintiff has neither alleged the established administrative process is "not capable of use to obtain relief," nor that Defendant, or any other correctional officer or institutional staff member, affected his ability to begin the grievance process. *See Ross*, 136 S.Ct. at 1853.

Thus, Plaintiff has failed to exhaust administrative remedies because he did not undertake the remaining steps of the grievance process, and Defendant is entitled to judgment as a matter of law.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment (Doc. 39) be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE** from the active docket of this Court.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JERMEAL WHITE, | Case No. 1:19-cv-00033 |
| Plaintiff, | Black, J. |
| | Bowman, M.J. |
| v. | |
| MICHAEL DILLOW, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).